1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    SCOTT N. JOHNSON,

10            Plaintiff,                    No. CIV S-09-0714 GEB GGH

11     vs.

12    KIRK C. DOYLE,

13            Defendant.              FINDINGS AND RECOMMENDATIONS

14    _____/

15            Plaintiff's motion for default judgment against Defendant Kirk Doyle, filed

16    October 2, 2009, was submitted without a hearing.  Defendant filed no opposition.  Upon review

17    of the motion and supporting documents, and good cause appearing, the court issues the

18    following findings and recommendations.

19    BACKGROUND

20            On March 16, 2009, plaintiff filed the underlying complaint in this action against

21    defendant Kirk Doyle, who owns the property on which a retail store, "Julie's Antiques," is

22    situated, at 625 Vernon Street, Roseville, California.  See Complaint, at pp. 2-3; Trust Transfer

23    Deed, attached as exhibit A to Complaint.  Plaintiff alleges he visited the business in November

24    2008, on multiple occasions, but encountered architectural barriers in the form of the lack of

25    "correct number and type of properly configured disabled parking space(s) including the lack of a

26    van accessible disabled parking space [no disabled parking at all], accessible route, accessible

1

1   entrance, accessibility signage and striping...."  Complaint, at p. 3.  He asserts that these defects

2   constitute violations of the Americans With Disabilities Act and state law.  The summons and

3   complaint were served by substituted service on Charles Vaughan, retail business owner on the

4   subject property on August 6, 2009.[1]  Fed. R. Civ. P. 4(e)(1); Cal. Code Civ. Proc. § 415.20(a).

5   Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default

6   judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise

7   defend in this action.  On September 24, 2009, the clerk entered default against defendant Kirk

8   Doyle.

9           The instant motion for default judgment and supporting papers were served on

10  defendant.  Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to

11  California Civil Code section 52(a) as well as injunctive relief.[2]

12  DISCUSSION

13          Entry of default effects an admission of all well-pleaded allegations of the

14  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

15  1977).  The court finds the well pleaded allegations of the complaint state a claim for which

16  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

17  memorandum of points and authorities and affidavits filed in support of the motion for entry of

18  default judgment also support the finding that plaintiff is entitled to the relief requested.  There

19  are no policy considerations which preclude the entry of default judgment of the type requested.

20  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  Plaintiff is entitled to statutory

21

22          [1] The summons and complaint were thereafter mailed to defendant.  (Dkt. #13.)

23          [2] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes
24  any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every
    offense for the actual damages, and any amount that may be determined by a jury, or a court
    sitting without a jury, up to a maximum of three times the amount of actual damage but in no
25  case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by
    the court in addition thereto, suffered by any person denied the rights provided in Section 51,
26  51.5, or 51.6."

1  damages for each "offense," i.e., each obstructed visit.  Feezor v. DeTaco, Inc., 431 F.Supp.2d

2  1088 (S.D. Cal. 2005).

3  CONCLUSION

4         In view of the foregoing findings, it is the recommendation of this court that:

5         1.  Plaintiffs' motion for entry of default judgment be GRANTED as to Kirk

6  Doyle in the amount of $8,000; and

7         2.  Injunctive relief be granted against defendant Kirk Doyle requiring a properly

8  configured van accessible disabled parking space with an accessible route to an accessible main

9  entrance to the retail store known as "Julie's Antiques," located at 625 Vernon Street, Roseville,

10  California, in conformity with the Americans with Disabilities Act Accessibility Guidelines

11  (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

14  fourteen days after being served with these findings and recommendations, any party may file

15  written objections with the court and serve a copy on all parties.  Such a document should be

16  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

17  objections shall be served and filed within seven days after service of the objections.  The parties

18  are advised that failure to file objections within the specified time may waive the right to appeal

19  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: 01/21/2010

21                              /s/ Gregory G. Hollows

22                              _____
                              GREGORY G. HOLLOWS
23                              UNITED STATES MAGISTRATE JUDGE

24  GGH:076/Johnson0714.def.wpd

25

26

                                      3